# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE STRZELCZYK, | : | CIVIL ACTION NO. 3:CV-12-0185 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, et al., | : | FILED SCRANTON JAN 1 5 2013 |
| Respondents | : | PER _____ DEPUTY CLERK |

## MEMORANDUM

Petitioner, George Strzelczyk, an inmate currently confined in the State Correctional Institution, Waymart, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges the denial of his parole by the Pennsylvania Board of Probation and Parole. The petition is ripe for consideration and, for the reasons that follow, the Court will deny the petition.

## Background

On July 8, 1987, after a jury trial conducted in the Court of Common Pleas of Monroe County, Petitioner was convicted of rape, statutory rape, incest, involuntary deviate sexual intercourse, indecent assault, indecent exposure, endangering welfare of children, and corruption of minors. (Doc. 13-1, pp. 2, 36). Petitioner was sentenced to a fifteen (15) to thirty (30) year term of imprisonment. He was permitted to remain on bail pending appeal. (Doc. 13-1, p. 2, Memorandum from Adult Chief Probation Officer of Monroe County to the Board). Petitioner subsequently absconded, his bail was revoked, and a bench warrant was issued for his arrest. Id. Petitioner was not taken into custody and did not being serving his term of incarceration until the year 1995. Id.

On January 9, 2010, the Board of Probation and Parole ("the Board") reviewed, and denied, Petitioner's application for parole based on the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the parole act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the board's decision include the following:
>
> Your need to participate in and complete additional institutional programs.
>
> The negative recommendation made by the Department of Corrections.
>
> The negative recommendation made by the trial judge.
>
> You are to be reviewed in or after May, 2011, or earlier, if recommended by the Department of Corrections staff.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully participated in/successfully completed a treatment program for sex offenders and violence prevention.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have received a clear conduct record.
>
> Whether you have completed the Department of Corrections Prescriptive Program(s).
>
> Sex Offender Program Report to be available at time of review.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(Doc. 13-1, Ex. 2, January 9, 2010, Board decision).

On December 9, 2010, Petitioner filed a petition for writ of mandamus in the Commonwealth Court of Pennsylvania. (Id. at Ex. 3, Petition). On January 28, 2011, the Board filed preliminary objections to the petition for writ of mandamus. (Id. at Ex. 5, Preliminary

2

Objections).

On February 1, 2011, the Commonwealth Court entered an order sustaining the Board's preliminary objections to improper service, lack of verification, and paragraphing; and directed Petitioner to file and properly serve an amended petition for review within thirty (30) days, or the case would be dismissed. (Id. at Ex. 6, Order).

On February 10, 2011, Petitioner filed an amended petition for review. (Id. at Ex. 7, Amended Petition). He did not, however, serve the amended petition for review in compliance with the Commonwealth Court's February 1, 2011, Order, or Pennsylvania Rule of Appellate Procedure 1514(c). See (Id., certificate of service).

By Order dated February 24, 2011, the Commonwealth Court dismissed the amended petition for writ of mandamus, for failure to comply with th Court's February 1, 2011 Order. (Id. at Ex. 8, Order). Petitioner then filed a notice of appeal to the Pennsylvania Supreme Court. (Id. at Ex. 9, Notice of Appeal).

On September 28, 2011, the Pennsylvania Supreme Court affirmed the Commonwealth Court's Order of dismissal. (Id. at Ex. 13, Order).

On June 23, 2011, the Board again reviewed, and denied, Petitioner's application for parole, based on the following:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the parole act, the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the board's decision include the following:
>
> Your unacceptable compliance with prescribed institutional programs.
>
> The negative recommendation made by the Department of Corrections. Reports, evaluations and assessments/level of risk indicates your risk to community.

3

> You are to be reviewed in or after May, 2013, or earlier, if recommended by the Department of Corrections staff.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have successfully completed a treatment program for sex offenders, batterer's intervention and violence prevention.
>
> Whether you have received a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have received a clear conduct record.
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying parole/reparole was recorded.

(Doc. 13-1, Ex. 14, June 23, 2011 Board decision).

Petitioner made no challenge to the Board's June 23, 2011, parole denial.

On January 31, 2012, Petitioner filed the above captioned petition for writ of habeas corpus, in which he raises the following grounds for relief:

> 1. Whether the Parole Board erred in denying the Petitioner's parole per the Ex Post Facto Law and changed the sentence.
>
> 2. Whether the Parole Board erred in denying the Petitioner's parole on arbitrary and capricious reasons.
>
> 3. Whether the Petitioner's liberty interest in parole was violated based on statutes and law.
>
> 4. Whether the Prole Board erred in not following the procedures and law.
>
> 5. Whether the Pa. Supreme Court dismissed the case in error.

(Doc. 1, petition). A response and traverse having been filed, the petition is ripe for disposition.

**Discussion**

### A. Exhaustion of Ex Post Facto Claim

Respondents argue that the Court should dismiss Petitioner's Ex Post Facto claim until

4

Petitioner has exhausted the remedies available to him in the state courts. (Doc. 14 at pp. 4–7). This Court agrees. Petitioner must satisfy the standards set for by 28 U.S.C. § 2254, which states in part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a ... Court only on the ground that he is in custody in violation of the Constitution or laws or treaties if the United States.
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a ... court shall not be granted unless it appears that—
>
>   (A) the applicant has exhausted the remedies available [to the petitioner];
>
>   (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available [to the petitioner].

28 U.S.C. § 2254(a) and (b).

> In <u>Shackleford v. Ebbert</u>, the Court stated:
>
> [P]risoners seeking relief under Section § 2254 must also satisfy specific, and precise, procedural standards. Among these procedural prerequisites is a requirement that the petitioner "has exhausted the remedies available [to him]" before seeking relief in federal court. 28 U.S.C. § 2254(b). In instances where a prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typical will refuse to entertain a petition for habeas corpus. See <u>Whitney v. Horn</u>, 280 F.3d 240, 250 (3d Cir. 2002).

<u>Shackleford v. Ebbert</u>, 2011 WL 1107024, *5 (M.D. Pa. 2011), <u>adopted by</u>, 2011 WL 1059732 (M.D. Pa. March 23, 2011).

Respondents correctly assert that a state prisoner challenging the denial of parole on constitutional grounds other than for violation of the Ex Post Facto clause is not required to exhaust state court remedies before pursuing federal habeas review. <u>Defoy v. McCullough</u>, 393 F.3d 439 (3d Cir. 2005), <u>cert denied</u>, 545 U.S. 1149 (2005). But, the writ of mandamus is an

avenue available in state courts for Petitioner's Ex Post Facto claim with respect to the denial of parole with the PA Commonwealth Court. Defoy, 393 F.3d 439. See also Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 489 (3d Cir. 2001); Dodgson v. PA. Dept. Of Corrections, 922 A.2d 1023 (Pa. Cmwlth. 2007); Evans v. PA. Board of Probation and Parole, 905 A.2d 595, 599 n.5 (Pa. Cmwlth. 2006) (stating, "while an [inmate] is not entitled to appellate review of a Board decision denying parole, he may be entitled to pursue allegations of constitutional violations against the Board through a writ of mandamus") (citation omitted).

In Bornheimer v. Pennsylvania Board of Probation and Parole, 183 Fed. Appx. 216 (3d Cir. 2006), the Court stated:

> the District Court characterized the avenue of exhaustion as one of appeal although, under Pennsylvania law, parole decisions are 'generally not subject to judicial review unless the petitioner asserts a constitutional challenge to the denial of parole or seeks a writ of mandamus to compel the Parole Board to exercise its discretion.' Richardson, 423 F.3d at 285, citing Coady v. Vaughn, 564 Pa. 604, 770 A.2d 287, 290 (2001). (emphasis added).

In the instant action, Petitioner did not present his challenge to the 2010 parole refusal to the highest state court and failed to appeal his 2011 parole denial at all. Thus, Petitioner failed to exhaust state judicial remedies with respect to his Ex Post Facto claim. See Trivitt v. Klem, 2006 U.S. Dist. LEXIS 92810, *6 (M.D. Pa. 2006) (Vanaskie, J.) (concluding that the state prisoner failed to exhaust his ex post facto challenge to the Board's parole decision because although he filed a mandamus petition, he did not appeal the Commonwealth Court's dismissal of his mandamus action). As Petitioner failed to use the available state court remedy, he cannot now assert his Ex Post Facto claim for the first time on federal habeas review. See, e.g., Wareham v. Stowitzky, 2007 WL 666692, *5 (E.D. Pa. 2007). See also Favors v. PA. Dept. of Corrections, 2010 WL 5625908, *7 (M.D. Pa. 2010) ( [Petitioner's] failure to properly pursue his state

remedies with respect to this parole board action now bars federal consideration of this claim."), adopted by, 2011 WL 208888 (M.D. Pa. 2011).

Moreover, Petitioner's challenge to his June 23, 2011, parole denial is now time-barred under state law, as the time for filing a petition for review with the Commonwealth Court has expired. See Pa. R.A.P. 903(a) (stating that notice of appeal shall be filed within thirty (30) days after the entry of the order from which the appeal is taken). A such, Petitioner is in procedural default for failure to comply with the state filing requirement. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Brown v. Pennsylvania Bd. of Prob. and Parole, 2010 WL 3025617 *2 (E.D. Pa. 2010) (internal quotations omitted). To demonstrate cause for a procedural default, the petitioner must show that some objective external factor impeded petitioner's efforts to comply with the state's procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied if the habeas petition shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. Lockhart v. Fretwell, 506 U.S. 364, 366 (1993). In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S. Ct. 396 (2001).

Petitioner has not alleged cause or prejudice. Nor has he demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of

justice. Accordingly, Petitioner's challenge to the decision of the Board must be rejected on the ground that he failed to pursue those issues in the state courts and has not established appropriate grounds for this Court to consider his claims in the first instance. Consequently, Petitioner's Ex Post Facto claim will be dismissed for failure to seek final administrative review and exhaust state court remedies.

B.      **Due Process**

It is well-settled that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Further, the existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). Instead, a liberty interest for purposes of parole would only arise if the state code requires a parole board to make its decision based upon the existence or absence of a particular factor.

The Pennsylvania Probation and Parole Act does not grant Pennsylvania state prisoners any constitutionally-protected liberty interest in being released on parole or reparole prior to the expiration of their maximum terms.[1] Pennsylvania law unambiguously provides that a prisoner is

---

[1] See, e.g., McFadden v. Lehman, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997) (Pennsylvania has not created an enforceable liberty interest in parole, rehabilitative pre-release programs, or in therapy programs.); Rodgers v. Parole Agent SCI–Frackville, Wech, 916 F. Supp. 474, 476 (E.D. Pa. 1996); McCrery v. Mark, 823 F. Supp. 288 (E.D. Pa. 1993); Rogers v. Pennsylvania Bd. of Probation and Parole, 724 A.2d 319 (Pa. 1999) (holding that the grant of parole for Pennsylvania prisoners is nothing more than a possibility; it merely constitutes favor granted by the state as a matter of grace and mercy); Tubbs v. Pennsylvania Bd. of Probation and Parole, 620 A.2d 584, 586 (Pa. Commw. Ct. 1993) (holding, "it is well settled under Pennsylvania law that a prisoner has no constitutionally protected liberty interest in being released from confinement prior to the expiration of his sentenced maximum term ... the [Board] makes each decision on a case by case basis, and prisoners have no guarantees that parole will ever be granted"), appeal denied, 637 A.2d 295 (Pa. 1993).

not entitled to release from prison until the expiration of his maximum sentence.[2] Nothing in the Pennsylvania Parole Act, or any other provision of Pennsylvania law, requires the Board to release a prisoner on parole prior to the expiration of his maximum term. The Board has complete discretion to determine whether an inmate is sufficiently rehabilitated such that he will be permitted to serve the remainder of his sentence outside the prison walls on parole. Although a prisoner is eligible for parole at the end of his minimum term, nothing in Pennsylvania law or the United States Constitution requires a prisoner to be released at such time.[3] However, the United States Court of Appeals for the Third Circuit has held that:

> [E]ven if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons.

Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). Accordingly, even where a state statute grants discretion to the state parole board to condition or completely deny parole, it may not permit "totally arbitrary parole decisions founded on impermissible criteria." Id. Consequently, a federal court may review a decision by a state parole board for an abuse of discretion. Id. Upon such review, relief will only be available if an applicant can show that parole was arbitrarily denied based on some impermissible reason such as "race, religion, or political beliefs," or that the parole

---

[2] A prisoner's sentence is his maximum term. Krantz v. Pennsylvania Bd. of Probation & Parole, 483 A.2d 1044, 1047 (Pa. Commw. 1984). The significance of the minimum sentence is that it establishes a parole eligibility date; the only "right" that can be asserted upon serving a minimum sentence is the "right" to apply for parole and to have that application duly considered by the Board. Id.

[3] The existence of a state parole system alone does not create a constitutionally-protected interest. Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

9

board made its determination based on "frivolous criteria with no rational relationship to the purpose of parole . . . ." Id. at 236 n.2.

In Morrissey v. Brewer, 408 U.S. 471 (1972), the United States Supreme Court addressed a habeas petition filed by a state inmate who alleged that he had not received due process during parole revocation procedures. The Court recognized that a federal court should not upset a decision of a state parole board unless the determination is based on constitutionally impermissible reasons such as race, religion, or ethnicity or rendered in the absence of the following due process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinder as to the evidence relied on and reasons for revoking parole.

Id. at 488-89.

Petitioner, here, does not allege that he was denied parole on the basis of his race, religion or ethnicity. As previously noted, it has been repeatedly recognized that Pennsylvania state law does not confer its inmates with a legally protected interest in parole eligibility.

To the extent that Petitioner contends that he is being forced to participate in sex offender treatment under 42 Pa. C.S.A. § 9718.1, which requires treatment for sex offenders incarcerated for certain crimes prior to any consideration for parole, there is no indication in his parole denials that the statute was applied to him. Indeed, the very fact that he has been considered for parole

belies this assertion.[4]  Additionally, Petitioner has provided no evidence to show that he has completed the full sex offender treatment program.  Thus, the petition for writ of habeas corpus will be denied.  A separate Order will be issued.

Dated: January 15, 2013

**United States District Judge**

---

[4] Title 42, section 9718.1 is clearly not applicable to the Petitioner as he was convicted prior to the effective date of § 9718.1.  See Evans v. Pennsylvania Board of Probation and Parole, 820 A.2d 904, 908 (Pa. Cmwlth. 2003) (noting that 42 Pa. C.S.A. § 9718.1 applies "...to offenses committed on or after the effective date of [Act 2000-98]").